

Katharine T. Batista<br>
(267) 338-1319<br>
kbatista@offitkurman.com

April 28, 2022

**VIA ECF**
Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  RE: **Letter Motion for Pre-Motion Conference**
     **Tiffany Burton, et al. v. Intercontinental Capital Group, Inc.**
     **No. 2:22-cv-691-ENV-ARL**

Dear Judge Vitaliano:

  I represent the Defendant Intercontinental Capital Group, Inc., in the above referenced matter. Please accept this letter as Defendant's motion for a pre-motion conference pursuant to Your Honor's Individual Motion Practice and Rules.

  Defendant intends to file a Partial Motion to Dismiss Counts I, II, III and IV of the Third Amended Complaint. Defendant hereby provides a summary of the factual and legal basis for its Motion below.

**Factual Basis**

  Plaintiffs' Third Amended Complaint fails to state allegations that support Plaintiffs' claims for violations of state and federal Worker Adjustment and Retraining Notification Acts ("WARN") and claims for unpaid overtime and failure to provide notice, and, thus, these claims should be dismissed with prejudice. Plaintiffs fail to allege facts supporting that the requisite number of employees were terminated from a "single site of employment," to trigger the protections of both New York and federal WARN Acts. Plaintiffs admit that they were all remote employees who worked from their home offices. However, Plaintiffs plead that they should be considered to have reported to ICG's New York office for WARN purposes because they received work from that location. This is plainly contrary to the regulations governing WARN, their judicial interpretation and the purpose behind state and federal WARN acts. Rather, only employees who



are truly mobile, with no fixed place of employment, may have the place where work is assigned from considered as their site of employment. Accordingly, Plaintiffs, by their own admission, all worked at different sites of employment and fail to state a claim for a violation of state or federal WARN based on terminations from a "single site of employment."

In addition, Plaintiffs' allegations regarding their claims of unpaid overtime wages merely reflect a misunderstanding of their paystubs. Plaintiffs correctly recite the numbers on their paychecks; however, they misconstrue their meaning. As explained below, Plaintiffs were clearly properly paid all overtime worked, based on their timesheets. Further, Plaintiffs' paystubs properly set forth the necessary information under New York Labor Law. Accordingly, Plaintiffs claims of unpaid overtime should be dismissed with prejudice.

Defendant ICG is a lending institution focusing on home loans and headquartered in the state of New York. Am. Compl. ¶ 21.[1]  Plaintiffs were all loan processors, except for Plaintiffs Dinkens and Crockett, who were underwriters. *Id*. ¶ 23. At all relevant times, Plaintiffs worked "from home remotely throughout the United States," and "reported to and were managed" by managers in ICG's headquarters in Melville, New York ("Headquarters"). *Id*. ¶ 29. Plaintiffs were not even permitted to physically report to or work from other locations. *Id*. ¶ 31. Plaintiffs further allege that their training was conducted remotely and their supervisors also worked from home; not the Melville, New York office. *Id*. ¶ 29. Plaintiffs do not allege that they were physically based at or that they maintained offices or other workspaces at Headquarters or any location other than their respective homes. Further, Plaintiffs do not allege that they were mobile employees.

Plaintiffs purportedly lost their jobs as part of multiple waves of layoffs between approximately November 2021 and February 2022 that together removed substantially all employees. *Id*. ¶¶ 28. Plaintiffs maintain that they did not receive written notice of their terminations sufficiently in advance, as purportedly required by the federal and New York WARN Act. *Id*. ¶ 44.

**Legal Analysis**

Plaintiffs do not allege that the requisite number of employees were terminated from a single site of employment to trigger the protections of the New York and Federal WARN Acts. The advance-notice requirements of both the federal WARN Act and the NY WARN Act are not triggered unless the threshold number of employees are affected at a 'single site of employment.'" *Wiltz v. MG Transport Servs., Inc*., 128 F.3d 957, 960 (6th Cir. 1996) (quoting 29 U.S.C § 2101(a)(2)); see also 29 U.S.C. §§ 2101(a)(2)-(3), 2102(a); *Meson v. GATX Tech. Servs. Corp*.,

---

[1] "Am. Compl." refers to the Third Amended Complaint.



507 F.3d 803, 808 (4th Cir. 2007). Plaintiffs have not, and cannot, plead that they were part of a "mass layoff" at a "single site of employment," and, thus, required WARN protections, because they were all remote employees whose fixed sites of employment were their homes. "The WARN Act itself does not define 'single site of employment.'" *Meson*, 507 F.3d at 809. The Department of Labor ("DOL"), however, has promulgated interpretive regulations and the courts have relied on those regulations in construing the statutory provision. *Id*. at 808-09 (stating the Secretary of Labor's regulations are "entitled to 'controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute'" (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc*., 467 U.S. 837, 844 (1984))). In claiming Defendant's New York Headquarters—where they did not physically work but "reported"—as their single site of employment, Plaintiffs appear to attempt to invoke the following exception to this general "proximity" rule, 20 C.F.R. 639.3(i)(6) ("Subpart 6"):

> For workers whose primary duties require travel from point to point, who are outstationed, or whose primary duties involve work outside any of the employer's regular employment sites (e.g., railroad workers, bus drivers, salespersons), the single site of employment to which they are assigned as their home base, from which their work is assigned, or to which they report will be the single site in which they are covered for WARN purposes.

Subpart 6 does not apply to Plaintiffs though because they were, admittedly, not mobile employees. Courts have considered 20 C.F.R. § 639.3 and reasoned that this guidance applies only to employees without a fixed site of employment, or who "do not work out of a particular office." *Meson* at 810. This language "was intended to apply only to truly mobile workers without a regular, fixed place of work" and "was not intended to cover employees "who worked out of a particular office." *Id*. at 809-11 (emphasis added) (internal quotation marks and alterations omitted). Here, Plaintiffs admit that they all worked from their home offices. Thus, those offices are considered their sites of employment for WARN purposes and Plaintiffs have failed to allege that the required number of employees from a single site were terminated to give rise to WARN protections. Thus, Plaintiffs' Count IV should be dismissed with prejudice.

In addition, the Plaintiffs' overtime and notice claims are based on a fundamental misunderstanding of their paystubs. Plaintiffs claim that they were not properly paid overtime for all hours worked based on a misunderstanding that their paystubs reflected hours worked when they actually reflect hours paid. ICG's paystubs reflect all hours paid, which includes not only for time worked, but also time paid but not worked, like vacations and holidays. In addition, Plaintiffs were paid on a bimonthly schedule. This means that



each paystub often covers more than two workweeks. Because of this, there are often hours captured for a partial workweek, which do not exceed 40 until the next pay period, at which time overtime is paid for those hours. This means it is not accurate to simply take the number of hours on a paycheck and deduct 80, for two workweeks, and assume the excess is overtime. A review of the paystubs and timesheets reflects that Plaintiffs were all properly paid overtime for all hours worked and recorded. Accordingly, Plaintiffs have not plead allegations to support that ICG failed to pay all overtime owed or failed to provide proper notice of Plaintiffs' compensation, and Counts I, II and III should be dismissed with prejudice.

                Very truly yours,

                Katharine Thomas Batista